IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOWER LIFE INSURANCE CO.,

      Plaintiff,

vs.                                        No. CIV 06-0815 JB/WDS

MICHAEL C. TUCKER, NORA K. MOORE,
MARCIA LYNN CHANDLER, LOIS LEINANI
ROUBISON, JACKIE DAVIDSON, and DON
TUCKER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Order of Dismissal with Prejudice, filed

June 18, 2007 (Doc. 39).  The Court held a hearing on this matter on August 8, 2007.  The primary

issue is whether the Court should award Plaintiff Tower Life Insurance Company ("Tower") its

attorneys' fees and costs associated with bringing this interpleader action now that the Court has

dismissed Tower from the case.  Because Tower has demonstrated that an award of fees and costs

is appropriate in this case, the Court will exercise its discretion and award Tower its reasonable

attorneys' fees and litigation costs associated with bringing this action.

## PROCEDURAL HISTORY

On September 1, 2006, Tower initiated this interpleader action alleging that each of the

Defendants in this action had made a claim upon Tower for the proceeds of a life insurance policy

it had issued to Jesse Tucker.  See Complaint for Interpleader ¶¶ 5,11, at 2-3, filed September 1,

2006 (Doc. 1).  Tower advises that these claims are inconsistent and conflicting.  See id. ¶ 11, at 3.

On September 7, 2006, Tower deposited $133,727.07, the policy proceeds plus accrued

interest through the date of the filing of the Complaint, into the court registry.  See Tower Life

Insurance Company's Memorandum Brief in Support of Motion for Summary Judgment ¶ 10, at 3, filed May 10, 2007 (Doc. 30)("Tower's Memorandum").  Tower represents that it has incurred attorneys' fees totaling $13,242.16 in filing this interpleader action and advancing the case to this point.  See id., Exhibit N, Affidavit of Tana L. Satterfield Regarding Attorneys' Fees and Reimbursable Costs ¶ 4, at 2 (executed May 10, 2007).

On May 10, 2007, Tower filed a motion for summary judgment requesting the Court grant summary judgment on its behalf, because it was a disinterested stakeholder.  See Tower Life Insurance Company's Motion for Summary Judgment, filed May 10, 2007 (Doc. 29).  In conjunction with its motion for summary judgment, Tower requested that "an award be made to Tower [] out of the funds deposited with the Court to pay for costs, counsel fees and other expenses that Tower [] has incurred in the prosecution of this action."  Tower's Memorandum at 6.

The parties submitted a joint motion requesting Tower be dismissed from this action on June 15, 2007.  See Joint Motion for Dismissal, filed June 15, 2007 (Doc. 38)("Joint Motion").  In their joint motion, the parties acknowledge that Tower had deposited the policy proceeds with the court and was now a disinterested stakeholder.  See id. at 1.   The Defendants also indicate that they remain parties to this action to determine among themselves who has the valid claim to the policy proceeds.  See id. at 2.  The joint motion contains a request that the Court hold a separate hearing to determine whether costs and fees should be awarded to Tower.  See id.  The Court granted the parties' joint motion on June 19, 2007.  See Order of Dismissal with Prejudice, filed June 18, 2007 (Doc. 39)("Dismissal Order").

The Court held a hearing on Tower's request for attorneys' fees and costs on August 8, 2007. At the hearing, Ms. Linda Rios made an appearance on behalf of Defendants Michael Tucker, Nora

Moore, Marcia Lynn Chandler, and Lois Leinani Roubison (the "Tucker Defendants").   See
Transcript of Hearing at 2:16-17 (Rios)(taken August 8, 2007)("Transcript").[1]   Defendants Jackie
Davidson and Don Tucker (the "Davidson Defendants") did not appear at the hearing, and no
counsel made an appearance at the hearing on their behalf.

## LAW REGARDING AWARD OF ATTORNEYS' FEES
## IN INTERPLEADER ACTIONS

The United States Court of Appeals for the Tenth Circuit "has recognized the 'common
practice' of reimbursing an interpleader plaintiff's litigation costs out of the fund on deposit with
the court." Transamerica Premier Ins. Co. v. Growney, No. 94-3396, 1995 U.S. App. LEXIS 31836,
at *3 (10th Cir. Nov. 13, 1995)(quoting U.S. Fid. & Guar. Co. v. Sidwell, 525 F.2d 472, 475 (10th
Cir. 1975)).   Consistent with this recognition, "[t]he award of fees and costs to an interpleader
plaintiff, or 'stakeholder,' is an equitable matter that lies within the discretion of the trial court."
Transamerica Premier Ins. Co. v. Growney, 1995 U.S. App. LEXIS 31836, at *3 (citing Chase
Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n (In re Mandalay Shores Coop. Hous.
Ass'n), 21 F.3d 380, 382-83 (11th Cir. 1994); Abex Corp. v. Ski's Enters., 748 F.2d 513, 516 (9th
Cir. 1984)).

> The rationale for the award is that the plaintiff has, at its own expense, facilitated the
> efficient resolution of a dispute in which it has no interest (other than avoiding
> liability for an erroneous distribution of the stake), to the benefit of the competing
> claimants -- the true disputants -- who should be able to cover the typically minor
> expense involved out of the fund distributed to them.

Transamerica Premier Ins. Co. v. Growney, 1995 U.S. App. LEXIS 31836, at **3-4 (citing Chase
Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n (In re Mandalay Shores Coop. Hous.

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original,
unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Ass'n), 21 F.3d at 383; Lincoln Income Life Ins. Co. v. Harrison, 71 F.R.D. 27, 30 (W.D. Okla. 1976)).  On the other hand, "a number of courts have held that attorneys fees should not be awarded to an insurance company in an interpleader action where the claims to the fund are of the type that arise in the ordinary course of business and are not difficult to resolve." Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Trust Co., 537 F. Supp. 1147, 1150 (M.D. Ga. 1982).  In an interpleader action, attorneys fees are normally awarded to a plaintiff who: "[i] is disinterested (i.e., does not itself claim entitlement to any of the interpleader fund); [ii] concedes its liability in full; [iii] deposits the disputed fund in court; and [iv] seeks discharge, and who is not in some way culpable as regards the subject matter of the interpleader proceeding." Transamerica Premier Ins. Co. v. Growney, 1995 U.S. App. LEXIS 31836, at *4 (internal quotations omitted).

## ANALYSIS

Tower contends that it has met all the criteria necessary for the Court to award it attorneys' fees and costs associated with filing this action.  Tower states that it was presented with conflicting claims for the proceeds of a life insurance policy, that it immediately filed its interpleader after not being able to resolve the dispute between the claims, that it deposited the disputed funds into the court registry, and that it has been dismissed from the action.  See Transcript at 3:15-24 (Petersen). Tower requests that the Court award it attorneys' fees and costs associated with filing this interpleader action in the amount of $13,242.16.  See id. at 4:4-6 (Petersen).

The parties do not dispute that Tower satisfies the criteria a plaintiff must normally meet to be awarded fees.  Tower is a disinterested stakeholder in this dispute.  See Joint Motion at 1; Transcript at 5:18-19 (Rios).  Tower has conceded its liability and renounced any beneficial interest in the policy proceeds.  See Complaint ¶ 12, at 4.  Tower has deposited the disputed funds in the

-4-

court registry, see Tower's Memorandum ¶ 10, at 3, and has been discharged from this action, see Dismissal Order.  Accordingly, the Court believes it is within its discretion to award Tower its attorneys' costs and fees.  See Transamerica Premier Ins. Co. v. Growney, 1995 U.S. App. LEXIS 31836, at *3.

At the hearing on Tower's request for fees, counsel for the Tucker Defendants argued that, while it was within the Court's discretion to award Tower its fees, the Court should wait until the case concludes and there is a resolution of who the rightful claimants are.  See Transcript at 7:23-25 (Rios).  The Tucker Defendants argue that the fees and costs should come from the losing claimants, rather than the fund on deposit with the court.  See id. at 8:13-16 (Rios).

While the Tucker Defendants' argument is not without some force, there are a number of problems with such a rule, at least in the context of this case.  First, because the payment of fees and costs, and the shifting of the burden of this action to the parties who have asserted claims to the disputed funds, is a matter of equity, there is no sound reason to shift the burden of delay to Tower.  Tower is entitled to fees and costs for its work, its role is over, and there is no reason to delay payment, and shift the cost of that delay to the most innocent party.  This case may take many more months to resolve, and there is no equitable reason to shift the burden of that delay to Tower.

Second, Tower's fees and costs are likely to come out of the fund eventually in any case.  If the parties settle this action, the payment to Tower will probably be a factor in their negotiations.  If the parties take the matter to trial, one or both may end up with the deposited funds.  In either case, the actual payment is likely to come from settlement or trial proceeds.

Third, the Tucker Defendants have not explained what authority the Court has to shift the costs and fees of this interpleader action to the parties rather than to the deposited funds.  For

example, if the Tucker Defendants prevail at trial and the Davidson Defendants are losing parties, it is unclear by what authority the Court shifts, under the American rule, Tower's costs to the Davidson Defendants.  There is a rule that allows fees and costs to come out of the deposited funds; the Tucker Defendants have not pointed to a rule or principle that allows the fees and costs of a plaintiff in an interpleader action to be shifted to a losing party or to a party that prolongs the action by its litigation.

Fourth, the result that the Tucker Defendants request does not fully account for Tenth Circuit caselaw regarding the award of fees to plaintiffs in interpleader actions.  In United States Fidelity & Guaranty Co. v. Sidwell, the Tenth Circuit described the award of fees to a plaintiff in an interpleader action as "the common practice," and noted that, when the plaintiff had deposited the funds with the court, "ordinarily a fund so deposited is chargeable with the reasonable fees incurred."  525 F.2d at 475.  More recently, in Transamerica Premier Insurance Co. v. Growney, the Tenth Circuit, citing United States Fidelity & Guaranty Co. v. Sidwell, acknowledged that "[t]his court has recognized the 'common practice' of reimbursing an interpleader plaintiff's litigation costs out of the fund on deposit with the court."  Transamerica Premier Ins. Co. v. Growney, 1995 U.S. App. LEXIS 31836, at *3.  The Tucker Defendants seek a procedure that is different from that the Tenth Circuit has approved.

It may be true that the Tucker Defendants are the rightful claimants to the disputed funds, and that the Davidson Defendants are responsible for unnecessarily initiating or prolonging this litigation.  The Court takes no position on those questions at this time.  It is enough to say that, to the extent that Tower is entitled to fees at this time, those fees may be received from the funds on deposit with the Court.  To the extent that one of the remaining parties may be obligated to

reimburse these fees to the fund, the Defendants may resolve that issue among themselves at a later time or the Court may entertain the issue on more complete briefing.

Finally, the Tucker Defendants have cited <u>Prudential Property & Casualty Co. v. Baton Rouge Bank & Trust Co.</u> for the proposition that "attorneys fees should not be awarded to an insurance company in an interpleader action where the claims to the fund are of the type that arise in the ordinary course of business and are not difficult to resolve."   Transcript at 6:18-22 (Rios)(quoting <u>Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Trust Co.</u>, 537 F. Supp. at 1150).  In <u>Prudential Property & Casualty Co. v. Baton Rouge Bank & Trust Co.</u>, the United District Court for the Middle District of Georgia denied, in part, an award of fees to an insurance company that filed an interpleader action to resolve a dispute between eight defendants over the proceeds of an insurance policy.  In partially denying the plaintiff's request for fees, the court in <u>Prudential Property & Casualty Co. v. Baton Rouge Bank & Trust Co.</u> noted that the claims of five of the defendants were undisputed and thus "not difficult to resolve."  537 F. Supp. at 1151.  The Georgia court noted, however, that with respect to litigation costs incurred relative to the action between Defendants whose claims were contested, the plaintiff's costs were allowable.  <u>See</u> <u>id.</u>

Even if the Court were inclined to adopt the reasoning of <u>Prudential Property & Casualty Co. v. Baton Rouge Bank & Trust Co.</u>, the Court believes there are meaningful distinctions between that case and this interpleader action.  The parties in this case have not pointed to any Defendant whose claims to some or all of the policy proceeds are undisputed.  Tower alleges that this case involves an insurance policy issued in 1974 that was subject to beneficiary changes three times -- in 1981, 1991, and 1995.  <u>See</u> Complaint ¶¶ 5-8, at 2-3.  Tower states that all of the Defendants have made a claim to the policy proceeds and that the Davidson Defendants have contested the validity of the

beneficiary changes in 1991 and 1995.  See id. ¶ 11, at 3-4.  Based on these allegations in Tower's Complaint, which the Defendants have not contested, the Court cannot say that Tower is trying to transfer its ordinary costs of doing business to the Defendants or that claims involving multiple defendants and multiple policy changes occurring twelve, sixteen, and twenty-six years ago are not difficult to resolve.

The Court also does not believe that there is any sound reason to exclude insurance companies from the general rule that plaintiffs in interpleader actions may be awarded their fees and costs from the funds deposited with the court.  While it is true that the distribution of funds is the cost of doing business for insurance companies, and that interpleader actions shift that cost to the courts and to the parties, interpleader actions are relatively rare.  Moreover, any corporation or institution that uses interpleader could be subject to the same criticism, and litigants often shift costs to society.  Society bears some burden for its elaborate dispute-resolution mechanisms, but the benefits of stability, commerce, property, and prosperity far outweigh the common costs all share.  To single out insurance companies as opposed to other companies or institutions that employ the interpleader procedures seems to display a hostility towards insurance companies that is unwarranted and does not recognize the contribution they also make to the public weal.

More important, the district court's decision in Prudential Property & Casualty Co. v. Baton Rouge Bank & Trust Co. predates the Tenth Circuit's decision in Transamerica Premier Insurance Co. v. Growney, and the Tenth Circuit has not chosen to establish the exception the Georgia court articulated.  Transamerica Premier Insurance Co. v. Growney involved an insurance company and the Tenth Circuit has not signaled that the common practice does not apply to insurance companies.  Because the Court believes that there are meaningful distinctions between this case and Prudential

Property & Casualty Co. v. Baton Rouge Bank & Trust Co., the Court will not apply the exception the Georgia court articulated to this case without more express direction from the Tenth Circuit. The Court will award Tower its reasonable attorneys' fees and costs from the funds deposited with the Court.

Tower has submitted the affidavit of its counsel's accounting manager and its itemized billing statements associated with this case. The Court has carefully reviewed these statements and believes that the fees and costs Tower requests are reasonably related to Tower's initiation of this action and to advancing this action to its discharge from the case. The Court also believes that the fees are reasonable and are consistent with the fees that comparable counsel charge in this market. The Court will award Tower its reasonable attorneys' fees and costs in the amount of $13,242.16. These fees and costs are payable from the funds on deposit in the court registry.

**IT IS ORDERED** that Tower's request for reasonable attorneys' fees and costs associated with initiating this interpleader action and advancing the litigation to its dismissal is granted. The Court will award Tower $13,242.16, payable from the funds on deposit in the court registry.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

R.E. Thompson
Tonn K. Petersen
Modrall Sperling Roehl Harris
  & Sisk, P.A.
Albuquerque, New Mexico

> *Attorneys for the Plaintiff*

Linda J. Rios
Malott Law Offices
Albuquerque, New Mexico

> *Attorneys for Defendants Michael C. Tucker, Nora K.*
> *Moore, Marcia Lynn Chandler, and Lois Leinani*
> *Roubison*

Fred C. Tharp
Clovis, New Mexico

> *Attorney for Defendants Jackie Davidson and*
> *Don Tucker*