IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOWER LIFE INSURANCE COMPANY,

    Plaintiff,

vs.                                                    No. CIV 06-0815 JB/WDS

MICHAEL C. TUCKER, NORA K. MOORE,
MARCIA LYNN CHANDLER, LOIS LEINANI
ROUBISON, JACKIE DAVIDSON, and DON
TUCKER,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Michael C. Tucker, Nora K. Moore, Marcia Lynn Chandler and Lois Leinani Roubison's Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment, filed June 6, 2008 (Doc. 63)("Motion"). The primary issue is whether there is any genuine issue that Micael C. Tucker, Nora K. Moore, Marcia Lynn Chandler, and Lois Leinani Roubison (the "Movants") are the beneficiaries under a life insurance policy that Jesse C. Tucker purchased.[1] Because Defendants Jackie Davidson and Don Tucker have not filed a written response, have not disputed any of the facts that the Movants allege, and have effectively consented to the motion, and because the Court has independently reviewed the motion and concluded that the Movants are entitled to judgment as a matter of law, the Court will grant the motion in part, but will deny the Movants' request for fees.

---

[1] In various documents and in different briefings filed with the Court, this name has been spelled "Jesse" and "Jessie." The Policy uses Jesse Tucker and the Court will also adopt that spelling.

**FACTUAL BACKGROUND**

On August 26, 1974, Plaintiff Tower Life Insurance Company issued Life Insurance Policy No. 20-21748 to Jesse Tucker evidencing insurance in the face amount of $125,000.00 on his life. Tower Life has admitted the Policy is a true and correct copy. See Tower Life's Memorandum Brief in Support of Motion for Summary Judgment ¶ 1, at 1, filed May 10, 2007 (Doc. 30); Notice of Errata Filing Complete Set of Exhibits to Tower Life Insurance Company's Memorandum Brief in Support of Motion for Summary Judgment, filed May 11, 2007 (Doc. 32)("Errata"); Exhibit 1 to Motion, Tower Life's Responses to Defendants' Michael C. Tucker et al. First Request for Admissions ("RFA"), Response No. 1 (Doc. 63-2).  The Policy was delivered in New Mexico. See Motion ¶ 3, at 4 (the Motion does not cite record support for this proposition).

When Tower Life first issued the Policy to Jesse Tucker, the first designated beneficiary was Betty Tucker. See Exhibit A to Docs. 30, 32, Policy at 4. The Policy's language governing the method and manner of changing a beneficiary to the policy reads as follows:

> CONTROL: Unless the Policy otherwise provides, the Insured is its owner and may exercise every right or privilege contained in the policy.
>
> CHANGE OF BENEFICIARY: The Beneficiary may be changed at any time during the lifetime of the Insured subject to the rights of any assignees, by filing a written request therefore at the Home Office of the Company in a form satisfactory to the Company. Such change will take effect as of the day the request was signed, but not before such change is recorded by the Company at its Home Office, and whether or not the Insured is living at the time of such recording. If no Beneficiary hereunder be living at the death of the insured, the policy proceeds affected thereby will be paid to the executors, administrators, or assigns of the Insured, unless otherwise provided herein. If there be more than one Beneficiary, the interest of any deceased Beneficiary shall pass to the surviving Beneficiary or Beneficiaries, unless otherwise directed by the person controlling this policy.

Policy at 2.

On December 14, 1981, Jesse Tucker submitted to Tower Life a Change of Beneficiary

naming Donnie Eugene Tucker as the Class 1 beneficiary, Jackie Lynn Davidson as the Class 2 beneficiary, and Michael Clyde Tucker as the Class 3 beneficiary under the Policy. That form was recorded on December 18, 1981. See Exhibit B to Errata, Request for Change of Beneficiary (recorded December 18, 1981)(Doc. 32-3); RFA, Response No. 2. Tower Life admits that the December 14, 1981, Change of Beneficiary form recorded by Jesse Tucker was recorded at their home office and was in a form satisfactory to Tower Life. See RFA, Response No. 3.

On August 2, 1991, Jesse Tucker recorded with Tower Life a second Change of Beneficiary naming Shirley Ann Tucker as the Class 1 beneficiary and Michael Clyde Tucker, Marcia Lynn Chandler, Lois Lienani Roubison, Nora Chandler (a/k/a Nora K. Moore), and Don Tucker as the Class 2 beneficiaries under the Policy. See Exhibit C to Errata, Request for Change of Beneficiary (recorded August 2, 1991)(Doc. 32-4); RFA, Response No. 4. Tower Life admits that Tower Life recorded the August 2, 1991, Change of Beneficiary form recorded at its home office in a form satisfactory to Tower Life. See RFA, Response No. 5.

On November 14, 1995, Jesse Tucker recorded with Tower Life a third Change of Beneficiary that designated Michael Clyde Tucker, son, and Nora Chandler (a/k/a Nora K. Moore), stepdaughter, as Class 1 beneficiaries. Marcia Lynn Chandler, stepdaughter, was named as the Class 2 beneficiary, and Lois Leinani Chandler Roubison, stepdaughter, as the Class 3 beneficiary. See Exhibit D to Errata, Request for Change of Beneficiary (recorded November 14, 1995)(Doc. 32-5); RFA, Response No. 6. Tower Life admits that the November 14, 1995, Change of Beneficiary Form specifically instructs that Michael Clyde Tucker is to receive one half of the policy amount, with the remaining half of the policy amount being divided equally among the three stepdaughters, Nora Chandler (a/k/a Nora K. Moore), Marcia Lynn Chandler, and Lois Leinani Chandler Roubison. See RFA, Response No. 7; November 14, 1995 Change of Beneficiary. Tower Life admits that it

-3-

recorded the November 14, 1995, Change of Beneficiary form by Jesse Tucker at its home office and in a form satisfactory to Tower Life.  See RFA, Response No. 8.

Tower Life further admits that it has no other documents in its possession or control that would alter or affect the instructions in November 14, 1995, Charge of Beneficiary Form.  See RFA, Response No. 9.  Tower Life admits that it has no knowledge of the existence of any documents which would alter or [a]ffect the instructions in the November 14, 1995, Change of Beneficiary Form.  See RFA, Response No. 10.[2]  Tower Life therefore recorded the last completed and enforceable Designation of Beneficiary on November 14, 1995.  See RFA, Response Nos. 8, 9 & 10.

Jesse Tucker died on September 4, 2003.  See Exhibit E to Errata, Certificate of Death (Doc. 32-6).  Jackie Davidson and Don Tucker are not named beneficiaries of the Policy proceeds and have no rightful or legitimate claim as to the proceeds of that Policy of insurance.  See RFA, Response Nos. 8, 9.  Subsequent to Jesse Tucker's death, the Movants and the Defendants each made a claim upon Tower Life for the proceeds of the Policy.  The claims are inconsistent and conflicting.  Compare Exhibits F, G, H & I to Errata, Claimant's Statements (Docs. 32-7 through 32-10)(the Movants' claim statements), with Exhibits J, K to Errata, Claimant's Statements (Docs. 32-11, 32-12)(the Defendants' claim statements).

On July 10, 2006, in addition to Tower Life having received the inconsistent and conflicting claims forms, each purporting to lay proper claim to the Policy proceeds, Jackie Davidson and Don Tucker notified Tower Life that they questioned and disputed the validity of 1991 and 1995 beneficiary changes.  See Exhibit M to Errata, Letter from Jackie Davidson to Tower Life at 1-2

---

[2] The RFAs uses "affect" in RFA No. 9 and "effect" in RFA No. 10.

(dated July 10, 2006)(Doc. 32-14); Exhibit L to Errata, Letter from Don Tucker to Tower Life (undated)(Doc. 32-13).

## PROCEDURAL BACKGROUND

Claiming no beneficial interest in the Policy proceeds and being faced with the possibility of multiple liability based on the conflicting claims, Tower Life filed a Complaint for Interpleader against the Movants and against the Defendants. See Complaint for Interpleader, filed September 1, 2006 (Doc. 1). On September 7, 2006, pursuant to the Court's Order Permitting Deposit With Court Clerk (Doc. 2), Tower Life deposited the Policy proceeds into the court registry in the amount of $133,727.07, representing the proceeds of the Policy, plus accrued interest through the date of the filing of the Complaint in this case. See Doc. 2. On June 18, 2007, the Court granted the parties' joint motion to dismiss Tower Life from the case because Tower Life had deposited the proceeds of the Policy with the Court and become a disinterested stakeholder. See Order of Dismissal with Prejudice at 1-2, entered June 18, 2007 (Doc. 39). The Court granted Tower Life's motion for summary judgment and awarded Tower Life $13,242.16 for the attorney fees and costs it had incurred in filing this action and in advancing the case to that point. See Memorandum Opinion and Order at 9, entered August 20, 2007 (Doc. 42). On December 21, 2007, the Court allowed Fred Tharp to withdraw as the Defendants' attorney, with the Defendants then proceeding pro se. See Order, entered December 21, 2007 (Doc. 59).

The Movants move the Court, pursuant to rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment in their favor and against the Defendants. As grounds for this motion, the Movants have contemporaneously filed a supporting brief establishing that the undisputed material facts and applicable law demonstrate that the Movants are the rightful beneficiaries of the life insurance policy proceeds. The Movants request that the Court grant

summary judgment in their favor and against the Defendants, and for an award of reasonable attorney fees.

In their supporting memorandum, the Movants incorporate by reference: (i) the Statement of Undisputed Facts and all accompanying exhibits submitted by Tower Life in their Memorandum Brief in Support of their Motion for Summary Judgment, filed on May 10, 2007 (Doc. 30); and (ii) Tower Life's Complete Set of Exhibits in Support of their Motion for Summary Judgment, filed on May 11, 2007 (Doc. 32).

The Defendants did not formally respond to the motion for summary judgment, did not write the Court to express their opposition or any other position, and did not seek or secure an extension of time in which to file a written response. On August 11, 2008, the Movants filed a Notice of Completion of Briefing, advising the Court and all counsel that the motion for summary judgment was ready to be heard. See Doc. 64. The Movants also advised the Court that the Defendants had not filed any response to the Movants' motion for summary judgment.

## **LAW REGARDING SUMMARY JUDGMENTS**

Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Rule 56 of the Federal Rules of Civil Procedure provides that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 321-23 (1986). Upon such a showing,

> [a]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Id. at 322 (quoting Fed. R. Civ. P. 56(e)).³ Summary judgment is properly entered when the pleadings, depositions, answers to interrogatories, and admissions "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. at 322. Viewing the evidence in the light most favorable to the non-movant, there is no issue for trial unless the court finds sufficient evidence to support a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. See id. at 247-48.

## LAW REGARDING AMBIGUITY IN INSURANCE CONTRACTS

An insurance policy is deemed ambiguous where it is "'reasonably susceptible to more than one meaning, or where there is uncertainty as to the meaning of a term.'" Miller v. Monumental Life Insurance Company, 376 F.Supp.2d 1238, 1245 (D.N.M. 2005)(quoting Pirkheim v. First UNUM Life Ins., 229 F.3d 1008, 1010 (10th Cir. 2000)(citing Stewart v. Adolph Coors Co., 217 F.3d 1285, 1290 (10th Cir. 2000)), rev'd on other grounds by Miller v. Monumental Life Ins. Co., 502 F.3d 1245 (10th Cir. 2007). The parties do not establish an ambiguity solely because they disagree on the proper interpretation. See Maryland Cas. Co. V. Tex. Commerce, 878 F.Supp. 939, 941 (N.D. Tex. 1995); Trujillo v. CS Cattle Co., 109 N.M. 705, 709, 790 P.2d 502, 506 (1990). Different courts have reached different results on what law governs the interpretation of life insurance policies. See 44 C.J.S. Insurance § 30 (noting that in various situations and various jurisdictions, courts have held that the law of the state in which the policy is issued to the insured, the law of the insured's domicile, or the law of the place the contract was made governs). The Court

---

³ Rule 56(e) has since been amended and no longer reads precisely as quoted in Celotex Corp. v. Catrett.

need not decide the governing law here.  No party has raised the issue, no issues are in dispute, and the Policy is clear and unambiguous.

## ANALYSIS

The Defendants have not filed any response or other opposition to the motion for summary judgment.  Accordingly, the Defendants have not properly disputed any of the factual allegations in the Movants' motion for summary judgment and have, under the Court's local rules, admitted all the Movant's factual allegations and consented to the motion.  Nevertheless, the Court has independently reviewed the motion, and determined that it is well-founded and should be granted in part.

**I.  THE UNDISPUTED FACTS ESTABLISH THAT THE MOVANTS ARE THE NAMED AND RIGHTFUL BENEFICIARIES OF THE LIFE INSURANCE POLICY PROCEEDS.**

D.N.M. LR-Civ. 7.4(a) states: "A response must be served and filed within fourteen (14) calendar days after service of the motion."  Local rule 7.1(b) states: "A failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  Local rule 56.1(b) states, in relevant part:

> A party opposing the motion must file a written memorandum containing a short, concise statement of the reasons in opposition to the motion with authorities.
>
> \* \* \* \*
>
> • A memorandum in opposition to the motion must contain a concise statement of the material facts as to which the party contends a genuine issue does exist.  Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the opposing party relies, and must state the number of the movant's fact that is disputed.  All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted.

The Defendants have not complied with the local rules if they wish to oppose the motion

properly. Nevertheless, because the Defendants are proceeding pro se, the Court has independently reviewed the motion to determine its legal sufficiency.

## II.   THE POLICY AND CHANGE OF BENEFICIARY FORMS ARE CLEAR AND UNAMBIGUOUS.

The Defendants are not named beneficiaries under the Policy, and have no legal right or legitimate claim as to the policy proceeds. Tower Life has deemed the Change of Beneficiary forms to be true and accurate copies of the original forms, which Policyholder Jesse Tucker properly executed. See RFA, Response Nos. 9, 10. Based on Tower Life's admissions, it is doubtful that there is any additional or new evidence the parties could present to the Court supporting different beneficiaries or a different Change of Beneficiary Form.

The Policy and the Change of Beneficiary forms by Tower Life are clearly written and unambiguous. There is nothing ambiguous about the Change of Beneficiary form that Jesse Tucker executed and that Tower Life recorded on November 14, 1995.

It appears that the Defendants are disgruntled because Jesse Tucker excluded them as beneficiaries. That unhappiness, however, does not create an ambiguity as to the meaning of the terms or the genuineness of the Request for Change of Beneficiary that Jesse Tucker recorded on November 14, 1995. Jesse Tucker died on September 4, 2003. He had ample time in which to add the Defendants if that result was his intention.

Assuming, however, that there existed some ambiguity as to the named beneficiaries, based upon the Change of Beneficiary forms that Jesse Tucker executed and that Tower Life recorded at its home office on November 14, 1995, the Change of Beneficiary Form manifested his clear intent. Jesse Tucker executed Change of Beneficiary forms in 1981, 1991, and 1995. Each time, the Change of Beneficiary form was properly executed and recorded with Tower Life. It is clear that

Jesse Tucker was familiar with Tower Life's procedures for changing the beneficiaries to his policy. See Prudential v. Bannister, 448 F.Supp. 807, 809 (D.C. Pa. 1978)(noting that previous beneficiary changes demonstrated insured's familiarity with life insurance company's policies).

In any case, the Court need look only to the clear language of the Policy and the Request for Change of Beneficiary to determine the Policy's plain language.  The Defendants do not have a sound basis to dispute the genuineness of the Request for Change of Beneficiary that Jesse Tucker executed and that Tower Life recorded on November 14, 1995.  The Policy's language and the Request for Change of Beneficiary are clear, unambiguous, and direct.  There exists no genuine issue of fact as to who are the named beneficiaries to the life-insurance policy that Jesse Tucker purchased.

### III.    THE COURT WILL NOT GRANT THE MOVANTS THEIR ATTORNEY FEES AND EXPENSES.

The Movants have not cited any law or contractual provision that supports their claim for attorney fees and expenses.  Under the American rule, fees and costs are not shifted unless some rule or statute creates an exception.  There does not appear to be any sound reason to vary from the American rule in this case.  Accordingly, the Court will deny the Movants' request for fees and expenses.

**IT IS ORDERED** that Michael C. Tucker, Nora K. Moore, Marcia Lynn Chandler and Lois Leinani Roubison's Motion for Summary Judgment is granted in part and denied in part.  Summary judgment is entered in favor of Michael C. Tucker, Nora K. Moore, Marcia Lynn Chandler, and Lois Leinani Roubison. The proceeds of Policy No. 20-21748 deposited with the Court are awarded to Michael C. Tucker, Nora K. Moore, Marcia Lynn Chandler, and Lois Leinani Roubison.  The Court will not, however, award Michael C. Tucker, Nora K. Moore, Marcia Lynn Chandler, and Lois

Leinani Roubison their fees and expenses that they have incurred. Michael C. Tucker, Nora K. Moore, Marcia Lynn Chandler, and Lois Leinani Roubison may ask for costs under the local rules.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Rufus E. Thompson
Tonn K. Peterson
Modrall, Sperling, Roehl, Harris
 & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Linda J. Rios
Rios Law Firm
Albuquerque, New Mexico

    *Attorneys for Defendants Michael C. Tucker,*
      *Nora K. Moore, Marcia Lynn Chandler, and*
      *Lois Leinani Roubison*

Jackie Davidson
Hereford, Texas

    *Defendant pro se*

Don Tucker
Hereford, Texas

    *Defendant pro se*