**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TOWER LIFE INSURANCE COMPANY,

      Plaintiff,

vs.                                                                  No. CIV 06-0815 JB/WDS

MICHAEL C. TUCKER, NORA K. MOORE,
MARCIA LYNN CHANDLER, LOIS LEINANI
ROUBISON, JACKIE DAVIDSON, and DON
TUCKER,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Jackie Davidson and Don Tucker Memorandum in Opposition of Motion for Summary Judgment, filed February 26, 2009 (Doc. 71)("Opposition").  The Court did not hold a hearing on this particular document, but held a hearing on February 20, 2009 regarding this case.  The primary issue is whether the Court should withdraw its grant of summary judgment in favor of Defendants Michael C. Tucker, Nora K. Moore, Marcia Lynn Chandler, and Lois Leinani Roubison ("Prevailing Defendants") because there are disputed factual issues.  Because the Court concludes that the materials Defendants Jackie Davidson and Don Tucker ("Movants") -- who appear pro se -- have submitted do not create a genuine dispute of material fact, the Court will not alter its ruling on Michael C. Tucker, Nora K. Moore, Marcia Lynn Chandler and Lois Leinani Roubison's Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment, filed June 6, 2008 (Doc. 63), and will enter final judgment in favor of the Prevailing Defendants.[1]

---

[1] This in an interpleader action that Plaintiff Tower Life Insurance Company initiated because of competing claims to the proceeds of a life insurance policy.  The genuinely adverse

On February 19, 2009, the Court granted the Prevailing Defendants' motion for summary judgment, awarding them the proceeds of Life Insurance Policy No. 20-21748.  See Memorandum Opinion and Order at 10-11, entered February 19, 2009 (Doc. 69)("MOO").  Despite granting the motion, the next day the Court held a hearing to listen to the Movants' arguments, because Davidson and her mother had left Hereford, Texas before the Court could notify them of the Court's ruling, and because they had never filed a response to the motion for summary judgment.  The Court informed Davidson that it would refrain from entering final judgment until Friday, February 27, 2009, giving the Movants some additional time to retain a lawyer or to file a motion to reconsider and present evidence to the Court.  The Movants timely filed their Opposition on February 26, 2009.

Construing the pro-se document liberally, the Court will treat the Opposition as a motion to reconsider the Court's grant of summary judgment in favor of the Prevailing Defendants.  The Opposition presents new argument, but does not introduce any documents that have not already been submitted to the Court.  Compare Exhibits 1-4 to Opposition, with Exhibits E, C, D & B to Notice of Errata Filing Complete Set of Exhibits to Tower Life Insurance Company's Memorandum Brief in Support of Motion for Summary Judgment, filed May 11, 2007 (Doc. 32)("Errata").  All these documents were incorporated into the Prevailing Defendants' motion for summary judgment and all four documents are cited in the Court's opinion.  See MOO at 3-4.  The Movants have thus not presented the Court with any new evidence to create a genuine issue of material fact.

The Movants have, however, raised new arguments to the Court.[2]  They contend that Jesse Tucker wanted the beneficiaries of the Policy to be the beneficiaries listed in 1981.  They argue that

---

parties in this case are therefore all styled as Defendants.

[2] The Court notes that these arguments were also raised at the hearing, after which the Court told Davidson that she and Don Tucker needed to present new evidence in support of their theories.

-2-

the two later changes to the beneficiaries -- in 1991 and 1995 -- are irregular and suspicious.  In support of this theory, they note that Jesse Tucker was shot to death in his office in 2003, and further argue that Jesse Tucker did not sign the 1991 and 1995 beneficiary changes and that the witness who signed the 1995 change was a suspect in Jesse Tucker's murder.

These arguments do not create a genuine dispute about the validity of the changes.  As the Court noted previously, Tower Life accepted the changes in 1991 and 1995.  See MOO at 3-4.  That Jesse Tucker was murdered and that the witness to the 1995 beneficiary change was a suspect eight years after the change is not evidence that Jesse Tucker did not effect the 1995 change.  At best, such a suspicion of wrongdoing might be grounds for further inquiry during discovery, but, particularly given the eight-year lapse between the beneficiary change and Jesse Tucker's death, this hunch alone would not allow a reasonable jury to find that the 1995 change was invalid.  See Fed. R. Civ. P. 56(e)(2) (noting that opponent of summary judgment must "set out specific facts showing a genuine issue for trial.").  Nor does the Movants' argument that Jesse Tucker did not sign either the 1991 or 1995 beneficiary change create a factual issue.  The Movants' arguments are not evidence.  They have not filed any affidavits or, as they mentioned at the hearing they would like to have done, had the handwriting analyzed.  Nor have the Movants established that such testimony, if offered, would survive a Daubert challenge.  See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589-95 (1993).  At the hearing, Davidson stated that she thought that Jesse Tucker always signed his name "J. C. Tucker."  The original Policy itself, however, is signed "Jessie Clyde Tucker."  Exhibit A to Errata, Life Insurance Policy at 4.  In sum, the Movants have not adduced any evidence that would create a genuine dispute of material fact about the validity of the 1991 and 1995 beneficiary changes.

The Movants also state that, shortly before Jesse Tucker was murdered, Tower Life received

a telephone call purportedly from Jesse Tucker, but which does not appear in his phone records. The Movants have not provided either Tower Life's record of such a call or the telephone records demonstrating the absence of any call from Jesse Tucker's phone. Moreover, the telephone call apparently had no effect on the beneficiaries under the Policy, who were established eight years before, in 1995.

The Movants also state that, in June 2001, they received a telephone call from Jesse Tucker relinquishing the Policy to Don Tucker and informing them that they would have to share in the proceeds with Mike Tucker -- presumably the same Michael Tucker who is one of the Prevailing Defendants here. This statement might call into question whether Jesse Tucker was aware of the 1991 and 1995 changes, but the Movants present no evidence of any relinquishment of the Policy. Additionally, even putting aside that the Movants' statement is an unsworn statement in the briefing, the statement is inadmissible hearsay. See Fed. R. Evid. 801(c), 802. The inference the Movants seek to draw from the purported statement of Jesse Tucker would require using Jesse Tucker's words for the truth of the matters asserted. The closest the Movants could come to an exception to the hearsay rule is the exception for then-existing mental, emotional, or physical condition. That exception does not cover, however, "a statement of memory or belief to prove the fact remembered or believed . . . ." Fed. R. Evid. 803(3). The Movants' statements about what Jesse Tucker supposedly told them, used for the purpose of establishing that Jesse Tucker did not know about the 1991 or 1995 change, would not be admissible evidence because of the rule against hearsay, even if the Movants' statements were properly presented to the Court as sworn statements.

The Movants have failed to demonstrate any genuine dispute of material fact that would warrant the Court changing its earlier grant of summary judgment to the Prevailing Defendants. The Movants' concerns are understandable. The Court, however, must do its duty and rule on the record

before it, according to the established principles of law.

**IT IS ORDERED** that: (i) the Jackie Davidson and Don Tucker Memorandum in Opposition of Motion for Summary Judgment will be construed as a motion to reconsider the Court's grant of summary judgment to Michael C. Tucker, Nora K. Moore, Marcia Lynn Chandler, and Lois Leinani Roubison ; and (ii) the Jackie Davidson and Don Tucker Memorandum in Opposition of Motion for Summary Judgment, construed as a motion to reconsider, is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Rufus E. Thompson
Tonn K. Peterson
Modrall, Sperling, Roehl, Harris
  & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Linda J. Rios
Rios Law Firm
Albuquerque, New Mexico

    *Attorneys for Defendants Michael C. Tucker,*
      *Nora K. Moore, Marcia Lynn Chandler, and*
      *Lois Leinani Roubison*

Jackie Davidson
Hereford, Texas

    *Defendant pro se*

Don Tucker
Hereford, Texas

    *Defendant pro se*